UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROOKRIDGE FUNDING, LLC,

      Plaintiff,

                                                   File No. 2:06-CV-180

v.

                                                   HON. ROBERT HOLMES BELL

HEATFLEXX, INC., et al.,

      Defendants.
                                         /

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Defendant Keith Davis' motion to dismiss for lack of personal jurisdiction. In support of his motion Davis has filed an affidavit stating that he is and always has been a Canadian citizen, that he resides in Canada, and that he has never lived in the United States or the State of Michigan during his lifetime. (Davis Aff. ¶¶ 3-4).

      When personal jurisdiction is challenged, the plaintiff bears the burden of establishing the court's personal jurisdiction over the defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Generally a plaintiff must establish that the court's exercise of personal jurisdiction is both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Id.* at 888.

      Plaintiff Brookridge's opposition to Davis' motion to dismiss is based solely on waiver. Brookridge contends that prior to filing his first responsive pleading Defendant Davis appeared at and participated in a status conference on July 17, 2006, presided over by

Magistrate Judge Timothy P. Greeley, and that by so appearing, Davis waived the lack of jurisdiction.

"[P]ersonal jurisdiction is a due process right that may be waived either explicitly or implicitly. 'The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not.'" *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)). The defense of lack of personal jurisdiction "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir. 1990) (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939)). If a party asks the court to act on its behalf in some substantive way, it will be held to have waived further objection. *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972). *See, e.g., Reed v. City of Cleveland*, 2007 WL 30286, *8 n.2 (N.D. Ohio 2007) (holding that personal jurisdiction defense waived where defendants fully participated in litigation for over two years); *Asmar v. Benchmark Literacy Group, Inc.*, No. 04-70711, 2005 WL 2562965, *6 (E.D. Mich. 2005) (unpublished) (holding that defendants waived personal jurisdiction objections by litigating non-dispositive motions, actively participating in status conferences, and tendering discovery on matters other than jurisdiction). On the other hand, informal contact with court, or contact on non-substantive matters will not result in a waiver. For example, a request for an extension of time does not constitute a waiver of jurisdictional objections. *Grammenos*, 457 F.2d at 1070.

Similarly, involvement in settlement negotiations will not be deemed a waiver of the defense of lack of personal jurisdiction. *Securities Training Corp. v. Securities Seminar, Inc.* 633 F. Supp. 938, 939 (S.D.N.Y. 1986).

In this case Defendant Davis' answer to the complaint, filed on December 1, 2006, raised the defense of lack of personal jurisdiction. He filed his motion to dismiss for lack of personal jurisdiction the same day. Although Plaintiff contends that Davis appeared at and participated in a status conference on July 17, 2006, the Court's docket sheet reflects that although a hearing was scheduled for July 17, 2006, no hearing was in fact held. Any communications between Davis and the Court on that date were informal at best. Davis did not formally request the court to act on his behalf in some substantive way at that time. Accordingly, the evidence is insufficient to show that Davis waived his personal jurisdiction defense.

As noted above, the burden is on the plaintiff to establish that the court's exercise of personal jurisdiction over a defendant is consistent with state law and due process. Plaintiff's response to Davis' motion to dismiss focused solely on the issue of waiver. Plaintiff has not attempted to show that this Court can properly exercise personal jurisdiction over Davis on any other basis. Because the Court has rejected Plaintiff's waiver theory, and because Plaintiff has not met its burden of otherwise establishing personal jurisdiction over Davis, the Court will dismiss the claims against Davis without prejudice. *See Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005) ("[A] court should not dismiss a case on the

merits, especially when it appears that another court with appropriate jurisdiction may resolve the issues between the parties."). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Keith Davis' motion to dismiss for lack of personal jurisdiction (Docket # 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Brookridge Funding LLC's claims against Defendant Keith Davis are **DISMISSED WITHOUT PREJUDICE**.


Date:   January 10, 2007                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE